RICHARD SEGERBLOM, ESQ.
Nevada Bar No. 1010
700 South Third Street
Las Vegas, Nevada 89101
Tel: (702) 388-9600
Fax: (702) 385-2909

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| SANDRA MORE,<br><br>       Plaintiff,<br><br>vs.<br><br>CENTER FOR BEHAVIORAL<br>HEALTH, LAS VEGAS, INC., dba<br>CENTER FOR BEHAVIORAL<br>HEALTH - RENO,<br>Does I through V and<br>Doe corporations I through V,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **C O M P L A I N T**<br>     (Jury Demanded) |

COMES NOW Plaintiff and complains of Defendants as follows:

### First Cause of Action

I.

The is a civil rights employment action.  Jurisdiction and venue are based upon the Americans With Disabilities Act.  Plaintiff is a resident of Washoe County, Nevada, and at all times herein was employed by the Defendants at the Center for Behavioral Health - Reno.  Defendants are the owners and operators of the Center for Behavioral Health - Reno and numerous other Centers for Behavioral Health based in Nevada and numerous other states.  Doe Corporations I through V and Does I through V are owners and/or operators of Center for

Behavioral Health locations throughout Nevada and numerous other states includin

the Center of Behavioral Health - Reno.

## II.

Plaintiff is a qualified individual with a disability.  She was terminated

because of her disability and because the Defendants refused to accommodate her

disability.

## III.

Plaintiff filed a charge of discrimination with the EEOC, a copy of which is

attached hereto as Exhibit 1 and the facts contained therein are incorporated by

reference.  She has received a Determination from the Nevada Equal Rights

Commission, a copy of which is attached hereto as Exhibit 2, and the facts

contained therein are also incorporated by reference.  The Plaintiff received a

Determination from the EEOC, a copy of which is attached hereto as Exhibit 3.

Finally, the Plaintiff has received a Notice of Right to Sue, a copy of which is

attached hereto as Exhibit 4, and this lawsuit has been filed within 90 from her

receipt of that letter.

## IV.

As a direct result of the Defendants' unlawful conduct as described above

the Plaintiff has suffered financial loss and emotional distress, the full extent of

which is as yet unknown.

## V.

The above described acts of Defendants were intentional and done with a

conscious disregard for Plaintiff's federally protected rights.

WHEREFORE, Plaintiff prays for the following relief:

1.  Reinstatement, with full seniority, or if reinstatement is unavailable,

frontpay;

2.  Backpay, including benefits and prejudgment interest;

2

3. Compensatory damages in the amount of $300,000;

4. Punitive damages in the amount of $300,000;

5. Attorney's fees and costs of suit; and

6. Such other and further relief as the Court may wish to entertain.

DATED this 28th day of August, 2014.

RICHARD SEGERBLOM, ESQ.
700 South Third Street
Las Vegas, Nevada 89101
Attorney for Plaintiff

# EXHIBIT 1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA | 0328-11-0034R |
| | [X] EEOC | 34B-2011-00256 |

Nevada Equal Rights Commission                                                                    and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Sandra More | (775) 338-7082 | 05-25-1960 |

Street Address                                          City, State and ZIP Code

3400 Sigg Dr, Apt 8, Reno, NV 89509

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CENTER FOR BEHAVIORAL HEALTH | 100-200 | (775) 829-4472 |

Street Address                                          City, State and ZIP Code

160 Hubbard Way, Suite A,  Reno, NV 89502

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                                          City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

| [ ] RACE | [ ] COLOR | [ ] SEX | [ ] RELIGION | [ ] NATIONAL ORIGIN |
|---|---|---|---|---|
| [ ] RETALIATION | [ ] AGE | [X] DISABILITY | [ ] GENETIC INFORMATION | |
| [ ] OTHER (Specify) | | | | |

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 10-08-2010 | 11-23-2010 |

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Respondent has discriminated against me because of my disability, by denying me reasonable accommodation and discharging me. I filed my complaint with the Nevada Equal Rights Commission on December 4, 2010.

I worked for the Respondent from March 22, 2010 until November 23, 2010, as a Counselor.

After ninety days of employment, I began to suffer minor relapses, due to my disability. On October 7, 2010, I obtained a letter, from my doctor, verifying and explaining I have a relapsing/remitting illness that I generally work in spite of my symptoms. The letter also explained that I have always been able to work, with reasonable accommodations from my employers. On October 8, 2010, I presented the letter to my supervisor, Kathleen Needham. I was called into her office and informed that the Respondent did not intend to make any sort of accommodations. At that time, she demanded to know under what circumstances an employer would think it was appropriate for an employee to be allowed to work adjusted hours. I tried to explain, but Ms. Needham would cut me off. Again, on October 22, 2010, I attempted to explain my request

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | MARLENE REVERA |
| | Notary Public - State of Nevada |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

3/17/11                    _Sandra L More_
Date                    Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year) 3/17/11

x _Marlene Revera_

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[X] EEOC | 0328−11−0034R<br>**34B-2011-00256** |

| Nevada Equal Rights Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

for accommodation.  Ms. Needham refused to listen.

On November 23, 2010, Ms. Needham refused again to listen to reason.  She stated that I was discharged for my physical condition.

I believe the Respondent's actions violate The Americans with Disabilities Act, as amended (ADAAA) and Nevada State Law.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| *13-17-11*<br>Date          Charging Party Signature | MARLENE REVERA<br>Notary Public - State of Nevada<br>Appointment Recorded in Washoe County<br>No: 98-48451-2 - Expires March 20, 2013<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* 3/17/11<br>X *Marlene Revera* |

# EXHIBIT 2



NEVADA EQUAL RIGHTS
COMMISSION

Nevada Department of Employment,
Training and Rehabilitation

BRIAN SANDOVAL
Governor

FRANK R. WOODBECK
Director

SHELLEY CHINCHILLA
Administrator

April 11, 2013

**Case Name:**
Sandra More
vs
Center for Behavioral Health

**Charge No.:**
NERC # 0328-11-0034R
EEOC # 34B-2011-00256

**Charging Party**
Sandra More
3400 Sigg Dr., Apt. 8
Reno, Nevada 89509

**Respondent**
Brant Massman, Owner
Center for Behavioral Health Reno
P.O. Box 897
Boise, ID 83701

DETERMINATION

Respondent, Center for Behavioral Health, is an employer within the meaning of the Americans with Disabilities Act (ADA) and NRS 613.310 and timeliness and all other requirements for coverage have been met.

The above referenced charge of discrimination was filed by Charging Party Sandra More against her former employer, Respondent Center for Behavioral Health, alleging disability discrimination. Although the charge includes failure to accommodate and discharge separately, the causes are analyzed together as disability discrimination.

The Americans with Disabilities Act (ADA) prohibits discrimination against a "qualified individual with a disability" because of the disability. 42 U.S.C. § 12112. The definition of discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability" unless the employer can show an undue hardship. 42 U.S.C. § 12112(b)(5)(A). To establish a *prima facie* case for failure to accommodate, More must show: (1) she is a qualified individual with a disability within the meaning of the ADA; (2) she requested an accommodation; and (3) her employer failed to make the necessary accommodation. *See Nunes v. Walmart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999); *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1134 (7th Cir. 1996).

Disability is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such

1820 E. Sahara Avenue, Suite 314 • Las Vegas, Nevada  89104 • Office (702) 486-7161 • Fax (702) 486-7054
www.nvdetr.org

(NSPO Rev. 1-12)

(O) 603

impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). It appears that More is disabled due to chronic fatigue syndrome, a relapsing/remitting illness with symptoms that may come and go with no identifying pattern. Chronic fatigue syndrome is a disability under the ADA. *Valle Arece v. Puerto Rico Ports Auth.*, 651 F.3d 190 (1st Cir. 2011).

More was hired on March 22, 2010 as a full time drug abuse counselor. Respondent's hours were Monday through Friday 5:00 a.m. to 1:00 p.m. and Saturday from 6:00 a.m. to 8:00 a.m. Each counselor was expected to work one Saturday a month. Respondent's employee handbook states that punctuality and regular attendance is an essential job function, although the job description for a drug abuse counselor does not list punctuality and regular job attendance as an essential job function. More was counseled on the importance of being at the clinic at 4:45 a.m. and ready to meet client needs at 5:00 a.m. and clients taking responsibility for their client agreements. On July 28, 2010, More had her three month evaluation, during which supervisor Kathleen Needham addressed More's lag in completing monthly notes and the importance of being at the clinic at 4:45 a.m. and ready to meet client care needs at 5:00 a.m. More continued to have issues. Needham counseled More about her lag in completing notes on August 28, 2010, although payroll records confirm that More was not working on this date. On September 20, 2010, More had failed to enter notes in more than 40 cases. On Ocotbner 1, 2010, 43 clients did not have their required notes and Needham told More it was her responsibility to ask for help and a basic requirement to complete the notes.

On October 22, 2010, More gave Needham a letter dated October 7, 2010 from her physician that states More was diagnosed with chronic fatigue syndrome in the early 1990's, she suffered minor flare ups since her diagnosis, and she had a significant relapse in December 2009. According to Needham's notes, More said she would work through it. Needham asked for a written plan to monitor More's progress and agreed to waive new client intakes so More could use the time to get caught up. According to More, she presented several accommodation ideas to Needham, such as working on Saturdays, carrying a lighter caseload and working from home. However, Needham rejected More's suggestions and said she was required to be on time for work.

On November 17, 2010, Needham met with counselors to address performance deficiencies and handed out the same performance improvement plan to all counselors. More turned in her plan with unacceptable time frames and it was returned to her to adjust. On November 19, 2010, Needham met with More regarding crossing boundaries with her client. More was told this was a final warning and more instances of crossing boundaries would lead to discharge. On November 22, 2010, Needham met with More and told her she needed to arrive on time and submit her plan for meeting time sensitive protocols. On November 23, 2010, More called and said she would be late. When she arrived at work at 7:30, she was discharged. Needham said the final straw was More's coming to work late and that the one nonnegotiable feature of her jonb was being at work on time. Needham also referred to More's "physical inability to meet the job."

An employer is not required to accommodate a disabled worker by modifying or eliminating an essential function of a job. 29 C.F.R. pt. 1630 app. at § 1630.2(o); *see also Dark v. Curry County,* 451 F.3d 1078 (9th Cir. 2006). Although Respondent has stated that being at work on time was an essential function, it provided a scheduling accommodation to counselor Leslie Rogers while she was undergoing chemotherapy. Why Rogers could be accommodated with a schedule change but not More is unclear. An employer has "a mandatory obligation... to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations" once that employer becomes aware of a need for an accommodation. *Humphrey v. Memorial Hospital Ass'n,* 239 F.3d 1128, 1137 (9th Cir. 2001). "[T]he duty to accommodate is a continuing duty that is not exhausted by one effort." *Id.* at 1138. More notified Respondent that she suffered from a disability, but there appears to have been no good faith exploration of possible accommodations in this case. As far as More's termination, it appears there were performance-based reasons for her discharge not related to her disability, including inability to timely complete paperwork and failing to observe boundaries. Nevertheless, based on Needham's comments at the time of discharge, it is possible that discriminatory motives may have been a factor in the final decision. *See Head v. Glacier,* 413 F.3d 1053 (9th Cir. 2005).

Based on the above, probable cause supports the charge of disability discrimination in this matter.

NRS 233.170(2) requires that if the Commission determines that there is reason to believe that violations have occurred, it shall endeavor to eliminate unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to believe that violations have occurred, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter via Conciliation on **Thursday, May 16, 2013 at 2:00 pm** at the Commission's Sparks office inside the JobConnet on 1675 E. Prater Way, Suite 103, Sparks, Nevada, 89434. Enclosed is an "Invitation to Participate in Conciliation Efforts" form. All parties are to indicate their willingness to enter into these efforts by completing the enclosed form and returning it to this office within ten (10) days of the date of this letter. In the event the parties refuse to participate in conciliation, the Commission shall close the charge and forward to the Equal Employment Opportunity Commission ("EEOC") for determination as to whether the EEOC will prosecute the matter and/or for the issuance of a Right to Sue Letter. Thank you.

On Behalf of the Commission,

Shelley Chinchilla
Administrator

# EXHIBIT 3



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Las Vegas Local Office

333 Las Vegas Blvd. South, Suite 8112
Las Vegas, NV 89101
National Contact Center: (800) 669-4000
National Contact Center TTY: (800) 669-6820
Las Vegas Status Line: (866) 408-8075
Las Vegas Direct Dial: (702) 388-5013
TTY (702) 388-5098
FAX (702) 388-5094

Charge No. 34B-2011-00256

Sandra More                                      Charging Party
3400 Sigg Drive, Apartment 8
Las Vegas, NV 89509

Center for Behavioral Health                     Respondent
160 Hubbard Way, Suite A
Reno, NV 89502

## DETERMINATION

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101e, et seq. Timeliness and all other requirements for coverage have been met.

Charging Party alleges that Respondent failed to reasonably accommodate her and subsequently discharged her in violation of the ADA.

Respondent denies the allegations.

The Commission finds that there is reasonable cause to believe that Respondent failed to reasonably accommodate Charging Party and then discharged Charging Party in violation of the ADA.

Having determined that there is reason to believe that violations have occurred, the EEOC attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the EEOC invites the parties to join with the Commission in reaching a just resolution of this matter. Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with the confidentiality provisions of the Americans with Disabilities Act ("ADA') and Commission regulations.

If the Respondent declines to enter into conciliation discussions or if for any other reason a settlement acceptable to the EEOC is not obtained, the EEOC will notify the Charging Party and any other persons aggrieved of the court enforcement alternatives available to them and to the EEOC.

Respondent is reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in EEOC investigations is also prohibited. These protections apply regardless of the EEOC's determination on the merits of the charge.

Mr. Miguel Escobar will be in contact with you to discuss your interest in participating in conciliation.  If you have any questions before then, you may reach Mr. Escobar at (702) 388-5085.

On behalf of the Commission:

AUG 3 0 2013
_____
Date

Amy Burkholder
Director

# EXHIBIT 4

EEOC Form 161-A (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

To:   **Sandra More**
 **3400 Sigg Dr, Apt 8**
 **Reno, NV 89509**

From:   **Las Vegas Local Office**
 **333 Las Vegas Blvd South**
 **Suite-8112**
 **Las Vegas, NV 89101**

☐   *On behalf of person(s) aggrieved whose identity is*
   *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2011-00256 | **Robert  Holmes,** **Investigator** | **(702) 388-5013** |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**AUG 0 5 2014**

Enclosures(s)

**Amy  Burkholder,**
**Local Office Director**

*(Date Mailed)*

cc:   **Kathleen Needham**
 **Program Director**
 **CENTER OF BEHAVIOTRAL HEALTH**
 **160 Hubbard Way, Suite A**
 **Reno, NV 89502**